UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually                          Case No. 1:99-cv-877
and as Class Representatives on
behalf of other persons similarly                    Hon. Wendell A. Miles
situated,

      Plaintiffs,

v

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

      Defendant.
_____/

ORDER ON MOTION FOR ENTRY OF FINAL JUDGMENT
ON CLAIMS OF NUCLEAR SPECIALIST PLAINTIFFS

      The plaintiffs filed this action against their employer, Indiana Michigan Power Company, d/b/a American Electric Power ("AEP"), alleging violations of the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* The matter is currently before the court on a motion by AEP for entry of final judgment on the claims of the nuclear specialist plaintiffs (docket no. 275). Although the plaintiffs have not filed a written response to the motion, AEP states that it has conferred with plaintiffs as required by W.D. Mich. L.Civ.R. 7.1(d) and that plaintiffs have indicated that they oppose the motion. For the reasons to follow, the court DENIES the motion.

**Discussion**

This case originally involved three distinct groups of employees at AEP's Donald C. Cook Nuclear Plant: "planners," "technical writers," and "nuclear specialists." Earlier in the case, the claims of the planner plaintiffs were severed from the remaining claims. The court granted summary judgment in favor of AEP on those claims in August, 2002 and, after the court also granted AEP's motion under Fed.R.Civ.P. 54(b) for final judgment on those claims, the summary judgment ruling was affirmed on appeal. The planners' claims are therefore no longer before the court.

Until relatively recently, only the claims of the technical writers and nuclear specialists remained. On January 25, 2005, the court ruled on cross-motions for summary judgment filed by the parties. In its decision, the court (1) denied AEP's motion for summary judgment on the claims of the technical writers, and granted plaintiff's corresponding motion for partial summary judgment on these claims, and (2) granted AEP's motion for summary judgment on the claims of the nuclear specialists, and denied plaintiff's corresponding motion for partial summary judgment on these claims. In accord with that decision, the court dismissed the claims of the nuclear specialist plaintiffs Fitchuk, Brown, Hylok, Kosonovich, Murtha, Parker, and Post. The action is not yet completed as to the technical writers.

AEP urges the court to direct the entry of final judgment in AEP's favor on the claims of the nuclear specialists, pursuant to Fed.R.Civ.P. 54(b). Rule 54(b) provides, in pertinent part, as follows:

> [W]hen multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay and upon an express

>direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all parties shall not terminate the action as to any of the claims or parties[.]

Rule 54(b) certification requires two independent findings: first, the district court must expressly direct the entry of final judgment as to one or more but fewer than all of the parties; and second, the district court must expressly determine that there is no just reason to delay appellate review. General Acquisition, Inc. v. Gencorp, Inc., 23 F.3d 1022, 1026 (6th Cir. 1994). "A district court certifying an order under Rule 54(b) must clearly explain why it has concluded that immediate review of the challenged ruling is desirable." Id.

Here, the first requirement is clearly satisfied. The nuclear specialists' claims against AEP are factually distinct and separable from those of the technical writers. See Soliday v. Miami County, Ohio, 55 F.3d 1158, 1163 (6th Cir. 1995) (Rule 54(b) certification was proper and appellate court had jurisdiction over partial appeal where claims against two defendants, who were not implicated in any remaining claim, were distinct and separable from the claims against the other defendants).

The second requirement for certification, determination of no just reason for delay, "requires the district court to balance the needs of the parties against the interests of efficient case management." General Acquisition, 23 F.3d at 1027. Although there exists no precise test for making the determination, district courts have been instructed to consider the following nonexhaustive list of factors:

>(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future

> developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

Id. (citations omitted). Considering these factors, together with the interests of the parties and of efficient case management, the court cannot find that there is no just reason to delay entry of final judgment as to the nuclear specialists at this time.

On the one hand, weighing in favor of entry of final judgment at this time is the consideration that the nuclear specialists' claims are indeed distinct from those of the technical writers, being based on different facts. In addition, the need for review of the nuclear specialists' claims will not be mooted by future developments on the technical writers' claims.

On the other hand, "[n]ot all final judgments on individual claims should be immediately appealable, even they are in some sense separable from the remaining unresolved claims." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 1465 (1980). The court's function under Rule 54(b) is to act as a "dispatcher," determining the appropriate time when each final decision in a multiple claims action is ready for appeal. Id. (citation omitted). Here, there is a distinct possibility that the reviewing court might be required to consider the same damages issues a second time in the event that separate appeals are pursued.

Unlike the claims of the planners, which were severed much earlier in the case and proceeded separately, the claims of the nuclear specialists and technical writers were not severed from each other. Although the claims of these latter two groups of plaintiffs are distinct from

4

one another, the court addressed both in the same decision.  In addition, considering that all that remains is the determination of damages, liquidated damages and attorney fees on the claims of the technical writers, the remainder of the case may be resolved relatively soon – without delay – at least from the court's standpoint.  Although AEP argues that resolution of these remaining issues "will require additional fact development and briefing, which could take many months to complete[,]" the court does not find this argument to be substantiated.  To the extent that there is any delay at all, AEP has not shown how it would be prejudiced.

"Plainly, sound judicial administration does not require that Rule 54(b) requests be granted routinely."  Curtiss-Wright, 446 U.S. at 10, 100 S.Ct. at 1466.  The court has already granted one Rule 54(b) certification in this same case, and there seems no good reason at this point to enter a judgment which could potentially result in two additional separate appeals involving the remaining two groups of plaintiffs.  Given the potential that the court of appeals could be called upon to address the same damages issues twice (it takes little imagination to conjure the circumstances under which this could occur), and balancing all of the relevant considerations, the court is unable at this time to make the required finding of "no just reason for delay" for purposes of Rule 54(b).

**Motion denied.**

So ordered this 13th day of May, 2005.

   /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge