UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually
and as Class Representatives on
behalf of other persons similarly
situated,

      Plaintiffs,                                    Case No. 1:99-cv-877

v                                                             Hon. Wendell A. Miles

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

      Defendant.
_____/

ORDER ON PLAINTIFFS' MOTION TO QUASH DEPOSITION NOTICE
AND MOTION IN LIMINE

      This matter is currently before the court on a motion (docket no. 297) filed by plaintiffs to quash the Notice of Taking Deposition *de bene esse* of Fred Sagan via telephone. Because the deposition has been noticed for November 15, 2005, plaintiffs have requested expedited consideration of their motion. Defendant Indiana Michigan Power Company, d/b/a American Electric Power ("AEP") has opposed the motion. The trial of this matter is set to begin on November 28, 2005.

      Although plaintiffs seek to have the court "quash" the notice of deposition, plaintiffs' motion does not address the factors relevant to a motion to quash. The court therefore denies the motion to quash.

      Alternatively, plaintiffs seek to have court prohibit AEP from using Mr. Sagan's testimony at trial. Mr. Sagan, a former AEP employee who resides out-of-state, was not identified by AEP as

a witness either in the final pretrial order or earlier in the case, and it is this failure to earlier identify Mr. Sagan which forms the basis for plaintiffs' objection to his proposed testimony. AEP responds (1) that it only learned of the need for Mr. Sagan's testimony when plaintiffs made a "highly technical" foundational objection to other evidence which AEP intended to offer, and (2) in any event, Mr. Sagan's testimony will be in the nature of rebuttal.

It is apparent that the parties find themselves in the current predicament because they did not follow the court's instructions (included in the August 29, 2005 Amended Case Management Order) for preparation of the proposed final pretrial order. The current dispute could have and should have been resolved at the time of the final pretrial conference; if it was not, then the parties have only themselves to blame. The court is not inclined at this time to re-visit issues which the parties should have raised at the time of the final pretrial conference.

Fed.R.Civ.P. 16(e) provides that a final pretrial order "shall be modified only to prevent manifest injustice." Because the current pretrial order will govern the course of the trial unless modified, there appears to be no reason at present for the court to rule on plaintiffs' request for a ruling in limine excluding Mr. Sagan's testimony, for as matters currently stand, his testimony, whether live or by deposition, is not identified in the final pretrial order. However, because AEP has not filed its own motion to amend the final pretrial order which addresses the "manifest injustice" requirement of Rule 16(e), the court is in no position to rule on whether AEP should be permitted to use the testimony which Mr. Sagan gives during his November 15, 2005 deposition.

So ordered this 14th day of November, 2005.

      /s/ Wendell A. Miles
     Wendell A. Miles
     Senior U.S. District Judge