UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually
and as Class Representatives on
behalf of other persons similarly
situated,

        Plaintiffs,

v

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

        Defendant.

_____/

Case No. 1:99-cv-877

Hon. Wendell A. Miles

ORDER ON PLAINTIFFS' MOTION IN LIMINE

This matter is currently before the court on plaintiffs' motion in limine (docket no. 303) to preclude defendant Indiana Michigan Power Company, d/b/a American Electric Power ("AEP") from introducing any evidence of AEP's reliance on expert opinions in support of AEP's good faith defense to liquidated damages. The non-jury trial of this matter is set to begin on November 29, 2005.

Plaintiffs did not file their motion until November 22, 2005, and did not request expedited consideration of their motion. The time in which AEP is permitted to respond, pursuant to W.D.Mich.L.Civ.R 7.3(c), has not expired, and AEP has not in fact yet filed a written response to the motion. It is presumed, based on plaintiffs' representation, that AEP objects to the relief sought in the motion in limine.

Plaintiffs appear to seek both a blanket exclusion of evidence of AEP's reliance on expert opinions as well as exclusion more particularly of the testimony of Fred Sagan or Fred Menigat on this subject.

As for plaintiffs' blanket objection, the Final Pretrial Order (docket no. 291), filed on August 31, 2005, lists the following as a controverted issue for trial: "Did Defendant act in good faith and with reasonable grounds when it classified the Technical Writer Plaintiffs exempt in the 1992-1993 timeframe *and by retaining that classification at all times since that date*?" Final Pretrial Order at 10, ¶ 4(c) (emphasis supplied).  Plaintiffs did not at the time of the pretrial object to the inclusion of this issue as a matter for trial.  Therefore, the issue is a proper one for trial and plaintiffs' blanket objection to testimony on this topic is overruled.

Plaintiffs make a more specific objection to testimony on this topic which may be offered by AEP through Fred Sagan or Fred Menigat.  Because Fred Sagan is not listed as a witness in the Final Pretrial Order, nor is his deposition testimony listed, Mr. Sagan will not be providing testimony on any subject at trial, and therefore plaintiffs' objection is moot.  However, Fred Menigat is identified by AEP in the Final Pretrial Order as a witness who "Will testify in person."  Final Pretrial Order at 12.  The current dispute regarding the subject of his testimony could have and should have been resolved at the time of the final pretrial conference.  Because plaintiffs' failed to object at that time, and because AEP has not yet responded to the current motion, the court finds itself without a sufficient basis on which to rule on the extent of Mr. Menigat's testimony.

Typically, it is the court's practice, under circumstances such as those presented here and where practicable, to conditionally receive evidence to which an objection is made; the court then announces its ruling in its Findings of Fact and Conclusions of Law.  The court will follow this

2

practice here.  Should the court determine to sustain plaintiffs' objection to Mr. Menigat's

testimony (or any part of it), the court will not consider that testimony in issuing its ruling on the

merits of the case.


<u>CONCLUSION</u>

The court overrules plaintiffs' blanket objection to any evidence of AEP's reliance on

expert opinions.  The court also denies as moot plaintiffs' objection to the testimony of Fred

Sagan, who is not identified in the Final Pretrial Order.  Finally, the court reserves until after trial

any ruling on the testimony of Fred Menigat.

So ordered this 28th day of November, 2005.


<u>/s/ Wendell A. Miles</u>
Wendell A. Miles
Senior U.S. District Judge