UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually           Case No. 1:99-cv-877
and as Class Representatives on
behalf of other persons similarly     Hon. Wendell A. Miles
situated,

      Plaintiffs,

v

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

      Defendant.
_____/

ORDER ON TECHNICAL WRITER PLAINTIFFS' MOTION
TO ALTER OR AMEND THE JUDGMENT

This is an action filed under the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* On June 8, 2006, the court entered its Judgment awarding certain plaintiffs, known as the "technical writers," a total of $ 433,166, representing equal amounts of unpaid overtime compensation and liquidated damages. The matter is currently before the court on the Technical Writer Plaintiffs' Motion to Alter or Amend the Judgment (docket no. 323). Defendant Indiana Michigan Power Company, d/b/a American Electric Power ("AEP") has opposed the motion (docket no. 328). For the reasons to follow, the court DENIES the motion.

**Discussion**

Plaintiffs' motion invokes Fed.R.Civ.P. 59(e), which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of judgment." Plaintiffs timely filed their motion within the required ten-day period, if intermediate Saturdays and Sundays are excluded as provided by Fed.R.Civ.P. 6(a). What plaintiffs seek in their motion is to be awarded additional amounts of overtime pay and liquidated damages totaling $ 7,863.90 ($ 6,765.00 for plaintiff Lloyd Dopp and $ 1,098.90 for plaintiff Robert Piehl). Plaintiffs argue that AEP "owes" them these additional amounts because, between the time of trial and entry of judgment, they worked additional hours of overtime for which they were not paid one and one-half times their regular hourly rate.

A motion under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence. Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998). To constitute newly discovered evidence, the evidence must have been previously unavailable. GenCorp, Inc. v. American Int'l Underwriters, 178 F.3d 804, 834 (6th Cir. 1999). The newly discovered evidence must also pertain to facts which existed at the time of trial. Davis v. Jellico Community Hosp., Inc., 912 F.3d 129, 135 (6th Cir. 1990). In this instance, although the evidence which plaintiffs seek to present is newly discovered in the sense that the overtime hours which plaintiffs worked were not known at the time of trial, this evidence does not pertain to facts which existed at the time of trial. Therefore, plaintiffs are not entitled to the relief they seek in their motion.

As AEP has noted in its opposition to plaintiffs' motion, and as the court noted at the

outset of its Findings of Fact and Conclusions of Law (docket no. 321), the parties stipulated to the amount of damages to be awarded for unpaid overtime. Therefore, the damages number was a compromise number – an approximate figure. In addition, based upon this stipulation, the only issues tried were the plaintiffs' entitlement to liquidated damages and the amount of such liquidated damages, if any. Although a motion under Rule 59 may be granted in order to prevent an injustice, GenCorp, 178 F.3d at 834; Davis, 912 F.2d at 133, no injustice results to plaintiffs here, where they were awarded the damages to which they stipulated and where the court awarded them the full amount of liquidated damages based on that amount.

In their brief submitted in support of their motion, plaintiffs also argue that "upon information and belief, [AEP] still has not changed its classification" for three of the plaintiffs, "despite the Court's order that Defendant do so." However, the court's Judgment, which contained a provision granting injunctive relief, did not order AEP to change plaintiffs' classifications. Instead, the court's judgment enjoined AEP from violating the provisions of 29 U.S.C. § 207 and, more specifically, provided that

> AEP shall not, contrary to the provisions of the [FLSA], employ William Southworth, Edward Dopp, and Robert Piehl in their current occupations, as found by the court, for a workweek longer than 40 hours, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed.

Judgment (docket no. 322), at 2.

The court's award of injunctive relief was carefully worded to be consistent with the terms of the FLSA. Plaintiffs have not established that AEP has violated the terms of this injunction by paying them less than time-and-a-half overtime after the effective date of the

3

judgment.  They are therefore not entitled to any additional relief based on the content of their motion.

    Motion denied.

    So ordered this 14th day of August, 2006.

                                           /s/ Wendell A. Miles
                                          Wendell A. Miles, Senior Judge