UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually                    Case No. 1:99-cv-877
and as Class Representatives on
behalf of other persons similarly              Hon. Wendell A. Miles
situated,

       Plaintiffs,

v

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

       Defendant.
_____/


ORDER ON DEFENDANT'S "OBJECTIONS TO TAXED BILL OF COSTS"


     The plaintiffs filed this action against their employer, Indiana Michigan Power Company,

d/b/a American Electric Power ("AEP"), alleging violations of the overtime pay provisions of the

Fair Labor Standards Act , 29 U.S.C. §§ 201 *et seq.*  The case involves three distinct groups of

employees at AEP's Donald C. Cook Nuclear Plant ("the Cook plant"): "planners," "technical

writers," and "nuclear specialists."   The court granted partial summary judgment in favor of AEP

on claims made by the planner and nuclear specialist plaintiffs.  On June 8, 2006, the court entered

its Judgment in favor of  the technical writer plaintiffs in the amount of  $433,166, representing

equal amounts of unpaid overtime compensation and liquidated damages.

     AEP filed a "Resubmitted Bill of Costs" (docket no.331), seeking to tax a total of

$28,715.50 in costs, presumably against the non-prevailing planners and technical writers.[1]  The clerk thereafter entered a Taxed Bill of Costs (docket no. 336) in the amount of $27,016.34.  The matter is currently before the court on AEP's "Objections to Taxed Bill of Costs" (docket no. 338).  The court construes AEP's "Objections" as a motion to review the action by the clerk pursuant to Fed.R.Civ.P. 54(d)(1).  Plaintiffs have not filed either their own objections or a written response to AEP's objections.

For the reasons to follow, the court will issue an amended Taxed Bill of Costs as discussed below.

**Discussion**

Fed.R.Civ.P. 54(d) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"   A total of 52 plaintiffs have been named during the pendency of this action.  The court has already determined that AEP is a prevailing party on the claims of the planners (26 plaintiffs), and the court also concludes that AEP is a prevailing party on the claims of the nuclear specialists (seven plaintiffs).  Therefore, AEP has prevailed on the claims of 33 of the original 52 plaintiffs.  (The five technical writer plaintiffs have prevailed against AEP, and have sought their own costs as well as attorney fees.)  However, 14 of the original 52 plaintiffs were dismissed without prejudice and without costs pursuant to stipulation (docket nos. 168, 232, 234).

In its objections, AEP argues (1) that the clerk erred in purporting to assess costs *against AEP,* when costs should have been assessed *against the planners and nuclear specialists,* and (2)

---

[1]This case has proceeded in stages.  After the court entered its first partial summary judgment in favor of AEP on the claims of the planners, AEP filed a bill of costs.  For reasons of efficiency, the court declined to award costs at that time, preferring to wait until the resolution of all claims.

that the clerk erred in excluding from taxed costs certain deposition expenses as well as certain

expenses incurred by AEP in making a Freedom of Information Act ("FOIA") request.

Items which the court "may" tax as costs under Rule 54(d) are specified in 28 U.S.C. § 1920.

Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 107 S.Ct. 2494, 2497 (1987).  These

include the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Upon allowance, costs are to be included in the judgment or decree.  Id.

At the outset, the court observes that the clerk's task in this instance was not an easy one.

Although AEP submitted a "Summary" and extensive documentation of its claimed expenses, AEP

did not file a memorandum with its "Resubmitted Bill of Costs" which would have explained the

legal basis for certain claimed expenses or certain calculations made by AEP.  Under the

circumstances, the clerk's Taxed Bill of Costs represents a reasonable attempt to perform the task

required by Fed.R.Civ.P. 54(d)(1).

AEP is correct in its objections, insofar as it argues that costs should have been taxed,

pursuant to the "Resubmitted Bill," *not against AEP* but instead against the planner and nuclear

specialists – at least those who were not excluded from payment of costs pursuant to a stipulation and order entered earlier in the case.  Therefore, the Taxed Bill of Costs should be amended accordingly.

AEP's remaining objections consist of their arguments that the clerk erred in excluding, from taxed costs, the following: (1) $1,305.51 for the costs, or partial costs, of transcripts for six depositions (Post, Crouch, Bestrom, Beilman, Marano, and Bakken) which AEP argues were associated with the claims of the planners and nuclear specialists, and  (2) $94.40 in expenses incurred by AEP in obtaining documents from the United States Department of Labor pursuant to a FOIA request for documents relating to other nuclear facilities not owned by AEP – and not the Cook plant.

The difference between the total amount of costs sought by AEP and the amount taxed by the clerk is $1,699.16.  The clerk expressly excluded only the FOIA costs ($94.40) and the costs claimed for the six depositions (as referenced in the paragraph above), for which she disallowed $1,629.76.  AEP argues that the costs for the six omitted depositions total $1,305.51, and AEP therefore assesses that the clerk excluded an additional amount for which she did not account in the Taxed Bill of Costs.

If this sounds confusing, it is.  Part of the confusion is undoubtedly due to errors in AEP's mathematical calculations.  First, what is clear is that the numbers on the face of AEP's Resubmitted Bill of Costs simply do not add up to the $28,715.50 claimed; instead, the separate amounts ($25 + $27,622.17 + $1,035.20 + $58.13) total $28,740.50.[2]  What is also apparent, upon further examination, is that AEP has made other errors in computing its claimed deposition transcript costs.

---

[2]Because the difference amounts to precisely $25.00, it is presumed that AEP simply failed to include the $25.00 in claimed fees of the clerk when computing its total.

4

Specifically, the court has noted at least two errors in AEP's "Summary of Costs" attached to its

Resubmitted Bill of Costs: (1) a transposition of numbers in computing the claimed costs for the

deposition of Thomas Dawson (AEP has changed $221.*67* to $221.*76*),  and (2) AEP has included

the full amount of costs for the first volume of the deposition of David Jolley (AEP divides $232.65

by 3 to reach $77.55, which it then multiplies by 33/38 to reach $67.35 – but then AEP claims the

full $232.65 instead of $67.35).  Finally, AEP expressly used a multiplier of 33/38 in computing

some of its deposition costs.  However, the multiplier which it should have used, where appropriate,

is actually 33/52, not 33/38.  Using a multiplier of 33/38, as AEP has proposed, does not adequately

take into consideration the fact that 14 plaintiffs were dismissed without costs pursuant to

stipulation.

If the court has not been able to confirm the accuracy of AEP's figures, it is likely that the

clerk was not able to do so either.  However, the court cannot fault AEP entirely for the current

confusion, for the court has likewise not been able to confirm the accuracy of the figures used by the

clerk in taxing deposition costs.   Therefore, the court has performed its own math.  The court's

calculations result in deposition costs as follows:

| | | | |
|---|---|---|---:|
| Abernathy | | $ | 610.70 |
| Adkins | | | 576.60 |
| Anderson | Vol. 1 | | 141.12 |
| | Vol. 2 | | 47.04 |
| Arms | | | 703.70 |
| Bakken | | | 15.07 |
| Beilman | | | 312.65 |
| Bestrom | | | 130.00 |
| Brown | | | 636.90 |
| Browne | | | 678.90 |
| Bruno | | | 42.93 |
| Caccioppo | | | 539.40 |
| Cavitt | | | 678.90 |
| Crouch | | | 218.75 |
| Davidson | | | 1,010.60 |

5

| | | |
|---|---|---:|
| Dawson | | 139.65 |
| Eggleston | | 576.60 |
| Farrington | | 90.58 |
| Fitchuk | Vol. 1 | 868.55 |
| | Vol. 2 | 754.55 |
| | Vol. 3 | 507.30 |
| Fulton | | 626.20 |
| Goree | Vol. 1 | 138.66 |
| | Vol. 2 | 129.82 |
| | Vol. 3 | 22.79 |
| Harper | | 654.10 |
| Havard | | 60.69 |
| Hylok | | 841.45 |
| Ingalsbe | | 719.20 |
| Johnson | | 567.30 |
| Jolley | | 48.86 |
| Koern | | 719.20 |
| Kosonovich | | 541.20 |
| Marano | | 31.66 |
| Murtha | | 931.45 |
| Parker | | 762.60 |
| Peterson | Vol. 1 | 712.50 |
| | Vol. 2 | 478.10 |
| Phillips | | 598.30 |
| Pollock | | 12.13 |
| Pope | | 666.50 |
| Post | | 579.70 |
| Prenger | | 672.70 |
| Radde | | 595.20 |
| Reese | | 688.20 |
| Reid | | 573.50 |
| Renfro | Vol. 1 | 957.60 |
| | Vol. 2 | 635.55 |
| Roush | | 539.40 |
| Sanders | | 663.40 |
| Staub | | 641.70 |
| Troxell | | 561.10 |
| Wilkes | | 1,075.00 |

$ 26,726.25

Even though AEP would only be entitled to deposition costs of $26,726.25 even if the clerk

had not made any exclusions (for Post, Crouch, Bestrom, Beilman, Marano, and Bakken), AEP

6

claimed a total of $27,550.17 in deposition transcript costs, as indicated by the "Summary of Costs" which AEP attached to its Resubmitted Bill of Costs.  This results in AEP having claimed $823.92 more than it should have for deposition costs, based on mathematical errors and application of an improper ratio.

As noted above, AEP also argues that the clerk should not have excluded AEP's claimed FOIA investigative expenses.  Assuming, for the sake of argument only, that FOIA charges for copies of documents which a party finds to be merely useful are properly taxable, AEP is still not entitled to the entire amount of costs which it sought in Resubmitted Bill of Costs.  What AEP should have claimed, had it performed the proper mathematical calculations, is as follows:

| | |
|---|---|
| Fees of the clerk | $       25.00 |
| Fees of the court reporter for transcripts | 26,798.25 |
| ($26,726.25 + $72.00) | |
| Fees and disbursements for printing | 1,035.20 |
| Fees for witnesses | 58.13 |
| | $   27,916.58 |

According to AEP's calculations, it was entitled to costs of $28,715.50.  The clerk taxed costs of $27,016.34, or $1,699.16 less than what AEP sought.  However, had AEP employed proper calculations, it would have been entitled to claim, at most, $27,916.58 in costs, or $900.24 more than what the clerk actually taxed.  The clerk excluded costs for the FOIA copies ($94.40) and for the Post, Crouch, Bestrom, Beilman, Marano, and Bakken depositions ($579.70, $218.75, $130.00, $312.65, $31.66, and $15.07 respectively, if proper calculations are employed).    Although the court concludes that the clerk properly excluded the $94.40 in FOIA expenses, the court also concludes that the clerk should have taxed costs for the Post, Crouch, Bestrom, Beilman, Marano, and Bakken depositions.  Using the calculations above, costs should therefore have been taxed in

7

favor of AEP and against 33 of the non-prevailing plaintiffs in the amount of $27,822.18.  These

costs are summarized as follows:

| | | |
|---|---|---|
| Fees of the clerk | $ | 25.00 |
| Fees of the court reporter for transcripts | | 26,798.25 |
| ($26,726.25 + $72.00) | | |
| Fees and disbursements for printing | | 940.80 |
| Fees for witnesses | | 58.13 |
| | | _____ |
| | $ | 27,822.18 |

A separate amended Taxed Bill of Costs shall be issued taxing costs in favor of AEP and

against the non-prevailing planner and nuclear specialist plaintiffs not otherwise exempted from

payment of costs in accordance with prior orders issued in the case.  The costs taxed shall be

deemed included in the Judgment.

So ordered this 28th day of December, 2006.


 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge