UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually
and as Class Representatives on
behalf of other persons similarly
situated,

        Plaintiffs,

v

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

        Defendant.
_____/

Case No. 1:99-cv-877

Hon. Wendell A. Miles

## ORDER ON TECHNICAL WRITER PLAINTIFFS' MOTION
## FOR COSTS

This is an action filed under the overtime pay provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* On June 8, 2006, the court entered its Judgment awarding certain plaintiffs, known as the "technical writers," a total of $ 433,166, representing equal amounts of unpaid overtime compensation and liquidated damages. The matter is currently before the court on the Technical Writer Plaintiffs' Motion for Attorney Fees and Costs (docket no. 325). Defendant Indiana Michigan Power Company, d/b/a American Electric Power ("AEP") has filed a brief in opposition to the motion (docket no. 335).

The court has already issued a ruling which resolved the issue of plaintiffs' attorneys'

fees (docket no. 349). This order is therefore limited to the issue of the prevailing plaintiffs' costs.

## **DISCUSSION**

Fed.R.Civ.P. 54(d) provides in pertinent part that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Plaintiffs have requested an award of litigation costs incurred in this case in the amount of $37,806.70, some of which are taxable under Rule 54(d) and 28 U.S.C. § 1920 and some of which plaintiffs seek as part of the award of attorneys' fees.

Title 28 U.S.C. § 1920 lists the items which courts may tax as costs:

**(1)** Fees of the clerk and marshal;

**(2)** Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

**(3)** Fees and disbursements for printing and witnesses;

**(4)** Fees for exemplification and copies of papers necessarily obtained for use in the case;

**(5)** Docket fees under section 1923 of this title;

**(6)** Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon allowance, costs are deemed included in the judgment or decree. Id. In addition, statutory authority permitting the award of a "reasonable attorney's fee" includes the authority to award reasonable out-of-pocket expenses incurred by the attorney and which are normally charged to a

fee-paying client in the course of providing legal services.  Northcross v. Board of Education of Memphis City Schools, 611 F.2d 624, 639 (6th Cir. 1979) (applying 42 U.S.C. § 1988).  Where attorneys' fees are expressly authorized by statute, as they are under the FLSA, 29 U.S.C. § 216(b), the court is not limited to awarding costs as provided in Fed.R.Civ.P. 54(d), but is authorized to include litigation expenses as part of a reasonable attorneys' fee.  Herold v. Hajoca Corp., 864 F.2d 317, 323 (4th Cir. 1988).

Plaintiffs claim to have incurred a total of $93,130.07 in costs in this action.  These are as follows: $17,246.60 for photocopies; $7,303.30 for outside copy services; $932.63 for express delivery services; $305.02 for long-distance telephone charges; $20.56 for telephone reimbursements; $131.25 for secretarial overtime; $1,065.76 for mileage; $107.38 for meals; $41.40 for parking; $3,493.22 for airfare; $1,051.39 for other travel-related expenses; $64.20 for service fees; $280.00 for filing fees; $25.00 for delivery service; $142.40 for witness fees; $34,835.33 for transcript fees; $18,275.00 for plaintiffs' expert witnesses' fees; $4,886.82 for AEP's expert witnesses' fees; $521.60 for documents obtained under the Freedom of Information Act ("FOIA"); $1,451.21 for computer-based research; and $950.00 for mediation fees.  However, plaintiffs concede that not all of these costs are attributable to the technical writers; some of their costs are attributable to the two other groups of plaintiffs who did not prevail, the nuclear specialists and planners.  Plaintiffs have performed an after-the-fact assessment to determine that the technical writers should recover the $37,806.70 which they seek in their motion.  AEP objects to the majority of this amount, arguing that these plaintiffs are entitled to costs of only $14,949.67 based on AEP's own after-the-fact assessment.  The court addresses each of AEP's individual objections below.

**Expert Witness Fees**

First, AEP objects that plaintiff's request for expert witness fees totaling $5,620.61 ($3,991.67 for plaintiffs' experts, $1,628.94 for AEP's experts) is contrary to law because recoverable expert witness fees are capped at $40 per day.

AEP is correct that expert fees exceeding $40 per day are not taxable in this case. The relevant statutory provision, 28 U.S.C. § 1821(b), provides as follows:

> A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

"[W]hen a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b), absent contract or explicit statutory authority to the contrary." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 439, 107 S.Ct. 2494, 2496 (1987); accord L & W Supply Corp. v. Acuity, No. 05-6845, 2007 WL 148759, at *2 (6th Cir. Jan. 23, 2007). In addition, "no statute will be construed as authorizing the taxation of witness fees as costs unless the statute 'refer[s] explicitly to witness fees.'" Arlington Central School Dist. Bd. of Education, 126 S.Ct. 2455, 2462 (2006) (quoting Crawford Fitting, 482 U.S. at 445, 107 S.Ct. at 2499); accord L & W Supply, 2007 WL 148759, at *3.

Section 216(b) of the FLSA, 29 U.S.C. § 216(b), does not explicitly refer to witness fees.[1] Therefore, the statute does not provide the explicit authority required for expert witness

---

[1]The relevant statutory language provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the
(continued...)

fees to be counted as attorneys' fees or other costs.  Bankston v. State of Illinois, 60 F.3d 1249, 1257 (7th Cir. 1995) (citing Gray v. Phillips Petroleum, 971 F.2d 591, 594 (10th Cir. 1992)); see Glenn v. General Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988) (noting that § 216(b) "does not refer explicitly to witness fees" and "nothing in the legislative history associated with [its] passage suggests that Congress intended the term 'costs of the action' to differ from those costs as now   enumerated in 28 U.S.C. § 1920").  Given the clear authority to the contrary, it is unclear why plaintiffs have sought recovery of expert witness fees which greatly exceed those permitted by 28 U.S.C. § 1821(b).  Their recoverable expert witness fees are limited to those provided by this statute, $40 per day.

**Deposition Transcript Costs**

AEP argues that plaintiffs are improperly seeking to recover the costs of deposition transcripts that had nothing to do with the claims of the prevailing plaintiffs.  AEP also argues that plaintiffs are improperly seeking to recover an excessive amount of costs for other deposition transcripts which dealt with multiple cases, not just this case.  AEP further argues that plaintiffs should not be permitted to tax costs for a deposition which was terminated due to plaintiffs' counsel's illness.

AEP argues that the depositions of witnesses Post, Crouch, Bestrom, Beilman, Marano, Bakken, and Lane pertain only to the claims of plaintiffs other than the technical writers and that the transcript costs associated with these depositions are not recoverable.  Defendant's Brief in

---

[1](...continued)
defendant, and costs of the action." 29 U.S.C. § 216(b).

5

Opposition to Plaintiffs' Motion for Attorney Fees and Costs (docket no. 335) at 10.

It is noted that with respect to the Marano and Bakken depositions, AEP has – in seeking to recover its own costs for prevailing against plaintiffs other than the technical writers – inconsistently argued that the testimony of these two witnesses pertained at least in part to the claims of the technical writers in this case. See Defendant's Objections to Taxed Bill of Costs (docket no. 338), at 5, ¶ 13 ("Marano and Bakken testified on issues pertaining to the claims [in two other cases], but also testified on issues pertaining to the technical writers, nuclear specialist [sic] and planners"). In addition, plaintiffs identified Marano as a witness in the Final Pretrial Order (docket no. 291). Therefore, the court concludes that the Marano and Bakken deposition costs are taxable against AEP.

With respect to the Lane deposition, it is noted that a partial transcript is attached to a brief filed by plaintiffs (docket no. 262) and cited in the body of that brief. However, there is no clear indication of whether the deposition related to claims of the technical writers, the nuclear specialists, or both. Witness Lane was also listed by AEP as a potential witness on claims of "plaintiffs," without specification of which plaintiffs. Plaintiffs' Objections to Defendant's Exhibits, Witnesses, and Other Discovery Documents (docket no. 294), Exhibit 1 (Defendant's Second Supplemental Response to Plaintiffs' Ninth Discovery Requests) at 9. However, AEP also identified Lane as a potential witness on claims of certain of the nuclear specialists. Id. at 14. The court therefore concludes that the Lane deposition costs are not taxable against AEP.

With respect to the Beilman deposition, it is noted that AEP identified Terry Beilman as a possible witness regarding the technical writer job description approval process. Id. at 6. AEP also made reference to Terry Beilman in its proposed findings. Defendant's Proposed Findings

of Fact and Conclusions of Law (docket no. 314) at 2, ¶ 7.  The court therefore concludes that the Beilman deposition costs are taxable against AEP.

With respect to the Crouch deposition, it is noted that plaintiffs identified Donald Crouch as a witness in the Final Pretrial Order.  The court therefore concludes that the Crouch deposition costs are taxable against AEP.

Finally, with regard to the Post and Bestrom depositions, the court has not been able to determine whether these were necessary to the claims of the technical writers.   The court therefore concludes that the costs of these two depositions are not taxable against AEP.

AEP also argues that plaintiffs are improperly seeking to recover an excessive amount of costs for the Dawson, Pollack, Bruno, Anderson, Goree, Havard, and Farrington deposition transcripts.  AEP argues that because these depositions related to multiple cases, plaintiffs' recoverable costs for the transcripts should be divided by either three (Dawson, Pollack, Bruno, Anderson, Goree, and Havard) or two (Farrington).  The court agrees.  In addition, AEP argues that the taxable costs for these transcripts should be further reduced – by either 66 percent or 90 percent –  to account for the fact that the depositions applied to all three job classifications and five of 52 plaintiffs at issue in this case.  The court agrees that taxable costs should be reduced by 90 percent, and will make appropriate reductions in taxing these costs.

AEP argues that because the Papageorgiou deposition related to two job classifications in this case – the technical writer and nuclear specialist positions – plaintiffs' recoverable costs for this transcript should be divided by one-half.  The court agrees, and will make the appropriate reduction in taxing this cost.

AEP further argues that plaintiffs should not be permitted to tax costs for a deposition –

7

the Miles deposition – which was terminated early due to plaintiffs' counsel's illness. AEP contends that the deposition produced only nine pages of testimony. However, plaintiffs' supporting documentation indicates that the deposition of Curt Miles was invoiced together with the deposition of David Rupert. The invoice reflects a charge of $747.70 for a court reporter appearance on March 23, 2004 for a four and one-half hour period; it is this amount which plaintiffs seek to tax. The record indicates that Mr. Rupert's deposition clearly exceeded nine pages.[2] Because the Rupert and Miles depositions were invoiced together, and it appears that the vast majority of the expense pertained to the Rupert deposition, the court concludes that the full cost in question is taxable.

### Freedom of Information Act Costs

AEP argues that plaintiffs' request to recoup one-third of certain costs incurred in making requests for documents under the FOIA should be rejected because the only documents obtained did not pertain to the technical writers' claims. Although the court has rejected AEP's requested taxation of similar costs against the non–prevailing plaintiffs under Rule 54(d), such costs may be taxable as part of attorneys' fees under 29 U.S.C. § 216(b). However, AEP argues that the documents obtained by plaintiffs pursuant to their FOIA request pertained not to the technical writers, but instead to the planners. The court concludes that these costs are not taxable against AEP on behalf of the technical writers.

---

[2] Recently, the court granted motions by both plaintiffs and AEP to supplement the record to include portions of Mr. Rupert's deposition, which appear to relate to the technical writers.

### Reductions for Cost-Sharing

Finally, AEP argues that plaintiffs' taxable costs and expenses should be reduced to account for the fact they should be shared either among all 52 plaintiffs in this case and, in some instances, among plaintiffs in two other cases as well. The court agrees, and will reduce certain costs accordingly.

### CONCLUSION

The court taxes the following costs and awards reasonable out-of-pocket expenses in favor of the technical writer plaintiffs and against defendant AEP as follows:

| | | |
|---|---|---|
| Copies | $ | 1,724.66 |
| Outside copy service | | 4,532.28 |
| Express delivery | | 328.14 |
| Long distance telephone charges | | 30.50 |
| Secretarial overtime | | 13.13 |
| Mileage | | 997.45 |
| Meals | | 85.63 |
| Parking | | 1.38 |
| Airfare | | 116.44 |
| Other travel expenses | | 667.10 |
| Service fees | | 64.20 |
| Filing fees | | 175.00 |
| Delivery service fee | | 2.50 |
| Witness fees | | 14.24 |
| Expert witness fees | | |
|     Goree | | 80.00 |
|     Anderson | | 2.67 |
|     Farrington | | 1.33 |
| Deposition transcript fees | | |
|     Hearing | | 28.00 |
|     Trial | | 479.25 |
|     Dawson | | 40.90 |
|     Southworth | | 1,406.45 |
|     Dopp | | 507.60 |

|  |  |
|---|---:|
| Crouch | 579.25 |
| Beilman | 700.80 |
| Marano | 347.75 |
| Bakken & Pollack | 354.78 |
| Bruno | 10.60 |
| Anderson | 41.26 |
| Farrington | 72.94 |
| Goree | 422.79 |
| Havard | 12.46 |
| Piehl | 722.54 |
| Jones | 478.15 |
| Rupert & Miles | 747.70 |
| Papageorgiou | 159.75 |
| Jolley | 985.70 |
| Krause | 213.10 |
| Sagan | 277.00 |
| Computer research | 145.12 |
| Mediation fees | 95.00 |
| Total | $  17,665.54 |

So ordered this 6th day of March, 2007.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge