UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RENFRO,
WILLIAM SOUTHWORTH,
RICHARD PETERSON, and
JAMES FITCHUK, individually
and as Class Representatives on
behalf of other persons similarly
situated,

      Plaintiffs,

v

INDIANA MICHIGAN POWER
COMPANY,
d/b/a AMERICAN ELECTRIC POWER,

      Defendant.
_____/

Case No. 1:99-cv-877

Hon. Wendell A. Miles

ORDER GRANTING DEFENDANT'S MOTION
TO VACATE AWARD OF ATTORNEYS' FEES AND COSTS

      This is an action filed under the overtime pay provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* On June 8, 2006, the court entered its Judgment in favor of certain plaintiffs, known as the "technical writers." Defendant Indiana Michigan Power Company, d/b/a American Electric Power ("AEP") appealed to the United States Court of Appeals for the Sixth Circuit. On July 20, 2007, a non-unanimous decision of that court reversed this court's grant of summary judgment in favor of the technical writer plaintiffs and ordered the case remanded to this court for entry of summary judgment in favor of AEP. Pursuant to the mandate of that court, this court entered judgment in favor of AEP and against the plaintiffs on January 23, 2008.

      The matter is currently before the court on a motion by AEP to vacate the court's award

of attorneys' fees and costs (docket no. 354), entered before the Court of Appeals reversed the judgment on appeal.  Plaintiffs have not filed a written response to the motion.

**Discussion**

At the outset, it is noted that although AEP seeks an order vacating the award of both attorneys' fees and costs, AEP's motion on its face expressly references only the court's February 16, 2007 order.  That order, however, addressed only the issue of attorneys' fees; the court resolved the issue of costs in a separate order entered on March 6, 2007.[1]  Even though AEP has not expressly referenced both orders, because its motion refers to both attorneys' fees and costs, the court assumes that AEP seeks to have the court vacate both the February 16 and March 6, 2007 orders.

AEP is correct that the awards of fees and costs must be vacated because the underlying judgment has been reversed.  See, e.g., Nemir v. Mitsubishi Motors Corp., 381 F.3d 540, 560 (6th Cir. 2004) (district court's award of costs set aside, where reversal of the judgment for defendant strips it of its status as prevailing party); Hinchman v. Moore, 312 F.3d 198, 206 (6th Cir. 2002) (holding that district court's grant of costs to defendants must be reversed where grant of summary judgment is reversed); see also Lansing v. City of Memphis, 202 F.3d 821, 834 (6th Cir. 2000) (vacating order assessing attorneys' fees against defendant, where judgment and

---

[1] AEP's brief in support also erroneously states that the court awarded attorneys' fees of $111,732.80 and costs of $6,360.75.  Brief in Support of Defendant's Motion to Vacate Award of Attorneys Fees at 2.  However, although the court's February 16, 2007 order awarded total attorneys' fees of $111,093.55, a portion of that amount – $6,360.75 – was directed to be paid to plaintiffs' counsels' new law firm.  The $6,360.75 was not awarded as costs.  Instead, the court's March 6, 2007 order awarded total costs of $17,665.54.

permanent injunction had been reversed and plaintiff was therefore no longer the prevailing party).  AEP is also correct that a motion under Fed.R.Civ.P. 60(b)(5) is a proper procedural vehicle to seek this remedy, where a party has successfully challenged the underlying judgment on appeal.[2]  Flowers v. Southern Regional Physician Services, Inc., 286 F.3d 798, 802 (5th Cir. 2002); California Medical Ass'n v. Shalala, 207 F.3d 575, 577 (9th Cir. 2000).  Therefore, AEP's motion is **GRANTED.**

## Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the orders entered on February 16, 2007 (doc. no. 349) and on March 6, 2007 (doc. no. 350), awarding attorneys' fees and costs, respectively, are **VACATED.**

So ordered this 25th day of February, 2008.

                                                       /s/ Wendell A. Miles
                                                   Wendell A. Miles, Senior Judge

---

[2] Rule 60(b)(5) authorizes the district court to relieve a party from a final order for the reason that "it is based on an earlier judgment that has been reversed or vacated[.]"